## COLÓN v. ROSARIO ET AL.

### Appeal from the District Court of Guayama.

No. 515.—Decided December 13, 1910.

APPEAL—CONTRADICTORY EVIDENCE.—Where the evidence is conflicting the findings of the trial court thereon will not be disturbed by the appellate court.

RECORD—HEIRS—THIRD PERSONS—RECORDED TITLES.—A record entered in favor of the heirs cannot impair the right of ownership of the property recorded which may have been acquired by another person directly from the predecessor in interest, although he may not have recorded his title; but, should the heirs assign their rights to a third person who has his title recorded, such record is effective as against the right of the person who acquired directly from their predecessor in interest inasmuch as his unrecorded title cannot prevail against the recorded title of the new possessor.

ID.—OWNERSHIP—POSSESSION.—A record of possession is not sufficient in itself to prove the right of ownership, for it is entered without prejudice to a third person having a better right, and, should the possessor's right to the ownership of the recorded property be disputed, to prove this ownership he must present other evidence showing that he acquired it in one of the ways which the law recognizes.

NEGLIGENCE—FAILURE OF PARTIES TO DEFEND RIGHTS.—Where a party neglects to defend his rights and fails to exercise such actions as the law allows him to enforce the same, he must suffer the consequences of his own negligence.

The facts are stated in the opinion.

Mr. Rafael López Landrón for appellant.

Messrs. C. Dominguez Rubio and V. F. Rodríguez Ortiz for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for the recovery of a rural estate, the annulment of a judicial sale and adjudication, the cancellation of records in the registry of property, etc., prosecuted in the District Court of Guayama and decided against the plaintiff. Said plaintiff, in his bill of complaint, alleged that he was the owner of a certain rural estate composed of 39 *cuerdas,* which he had acquired from Robustiano Meléndez by purchase under a private document dated May 11, 1907, in which it was stated by the vendor that he had no written title; that he took possession of the property and instituted proceedings to establish his ownership thereof, which was decided in his favor on June 14, 1907, and recorded in the registry of property, he continuing in the peaceful enjoyment of his right until October 23, 1908, when the defendants, Rosario and Gallart, took possession of the property without the consent and against the will of the plaintiff and of his lessee; that notwithstanding the statement of the vendor, the fact was that the ownership of the alienated estate had been recorded in

favor of the latter in the registry of property, which fact the plaintiff had but recently learned; that the vendor and his wife having died shortly after the sale, the estate was recorded in the name of his heirs; and that, taking advantage of these circumstances, with full knowledge of the sale to the plaintiff, the defendant, Rosario, acting in bad faith and in connivance with the heirs of the vendor, brought an action against said heirs for the recovery of a sum of money. Having obtained judgment in his favor, he levied an attachment upon the aforesaid estate, entering into a conspiracy with the defendant, Gallart, who, without delivering any money, but through the simulation of a public sale in fraud of the plaintiff, was awarded the estate, and, having secured the proper deed, had it recorded in the registry of property.

The defendant, Rosario, denied the facts stated in the complaint and alleged that he was a creditor of Robustiano Meléndez, and, exercising his right, instituted proceedings to recover the sum due him. Judgment having been rendered in his favor, attachment was levied in execution thereof upon an estate the ownership of which appeared recorded in the registry in the name of the heirs of the debtor. A judicial sale was held and the property awarded to the bidder, Gallart. All the proceedings prescribed by the law were followed and no action whatever had been taken in the matter by the plaintiff.

The defendant, Gallart, alleged, in substance, that his intervention in the matter had been that of a successful bidder at the public sale of an estate attached in a legal proceeding and which appeared recorded in favor of the defendant in said proceedings. He further claimed $200 by way of damages.

And, lastly, the defendant heirs of Robustiano Meléndez denied certain facts stated in the complaint and, in substance, alleged that the plaintiff, without any legal right and under the pretext of enjoying the usufruct thereof for the purpose of collecting a debt, had taken possession of the estate in

question and disposed of its products; that their father had never sold the property to the plaintiff, and that the debt claimed by Rosario was true. Moreover, they adduced facts upon which to base a counterclaim and to request the annulment of the private deed of sale mentioned in the complaint, etc.

The hearing having been had, the court dismissed the complaint and counterclaims, and ordered the cancellation of the record of possession of the estate in question entered in favor of the plaintiff in the registry of property.

The evidence produced consisted of documents and the testimony of witnesses and it clearly establishes the following facts:

That the ownership of the estate mentioned herein was recorded in favor of Robustiano Meléndez in the Registry of Property of Guayama, through adjudication in payment of the balance of an account, in the partition of the property left by Luz María Rosario, as approved by the District Court of Humacao and registered at the notarial office of Cayey before Notary Luis Muñoz Morales, on June 4, 1904, that it was afterwards recorded in the name of the heirs of Robustiano Meléndez and of his wife, named Nemesia, Marcelina, Alejandrina and Francisco, designated as such by the District Court of Guayama on November 25, 1908; and, lastly, that it was recorded in favor of Salvador Gallart, who had acquired it at a public sale by deed executed on October 21, 1908.

That with reference to the same estate, Valeriano Colón had instituted proceedings to acquire possession thereof wherein a decision was rendered in his favor on June 14, 1907, said possession being recorded in his name in the Registry of Property of Guayama, without prejudice to a third person with a better right, on August 1, 1907, that is, subsequently to the record of the same estate in favor of Robustiano Meléndez and prior to the records in favor of the heirs of Meléndez and of Gallart.

That the defendant, Rosario, knew of the record of possession at the time his action to recover a debt was being prosecuted and decided, and that the plaintiff was informed of the prosecution of said action and did nothing therein for the protection of his rights.

With respect to the certainty of the private deed of sale of May 11, 1907, the evidence is contradictory and, indeed, somewhat doubtful, for it seems that what Meléndez sought to sell to Colón was only 25 *cuerdas* of the estate and not the whole, but the district court decided the question by accepting the certainty of said instrument, and we shall not alter its finding.

There is no evidence of collusion between the defendant, Rosario, and the heirs of Meléndez. On the contrary, the indebtedness of the latter to the former appears to have been genuine.

And as regards the conspiracy between the defendants, Rosario and Gallart, although there is some evidence tending to establish it, it is not by any means sufficient to warrant the conclusion that it existed and that the acts performed by them were intended to defraud the plaintiff.

The facts having been thus established by the evidence, should the prayer of the the complaint be granted? The district court held that it should not, and we think that its decision was correct. The ownership of the estate in question had been recorded in favor of Robustiano Meléndez, and although the latter had conveyed it to the plaintiff by sale under a private document, it was recorded in favor of the heirs of Meléndez and afterwards in the name of the defendant, Gallart, through purchase at a judicial sale. From the registry, then, there appear as owners, first, Meléndez, after him his heirs, and, lastly, Gallart.

"An estate is purchased from a testator, and is not recorded, but the inheritance is. Does this record prejudice the buyer? If the estate continues in the possession of the heirs it does not, since at any

time his deed may be recorded. If the estate is sold by the heirs to another person who has recorded it, the purchase from the testator is prejudiced thereby, because an unrecorded title cannot prevail against one of a new buyer that has been recorded. But this does not prevent the person who purchased of the testator from demanding the price. The Mortgage Law is the law for third parties only; it does not alter the relations of the contracting parties, these being regulated by the civil law." (2 Galindo, *Legislación Hipotecaria*, 285.)

It does not matter that the plaintiff has recorded his possession, since he did so because there had been a change in some of the adjoining owners, the same as if it had been a question of the admission to record of a different estate for the first time in the registry. Moreover, a title of possession cannot be said to constitute in itself sufficient evidence of ownership. True, ownership may be established by possession, and the party recording the same is generally the actual owner, but the record is entered without prejudice to a third person with a better right, and where that of the possessor of the recorded property to its ownership is disputed, the record of possession alone would not be sufficient to establish such ownership, but he would have to produce other evidence showing that through some of the means recognized by law he had really acquired absolute ownership of the property in question.

On the other hand, the plaintiff's negligence in the defense of his right has been fully established, and he should suffer the consequence of his own acts. Upon this subject the learned trial judge says in his opinion: "Then Robustiano Meléndez dies, and thereupon the defendant, Pedro Rosario, had an interview with the plaintiff. They spoke about the estate and the latter's title, Rosario telling him that the title was void; that the estate belonged to the Succession of Robustiano Meléndez, who held a title, and that he intended to attach the aforesaid estate for the purpose of recovering a sum of money due him by the succession. Notwithstanding this notice, the plaintiff neglected to make

any inquiry or investigation to ascertain whether or not the estate was recorded and, if it was, to demand from the heirs of the vendor the execution of the deed, according to sections 1246 and 1247 of the Civil Code.    *    *    *.    Although Pedro Rosario had informed the plaintiff of his intention to attach the estate, the latter had taken no action whatsoever for the purpose of avoiding the consequences of the announced attachment, nor had he intervened as a third person by instituting the proper action, in accordance with the law regarding third parties, as amended by Act of March 12, 1908."

For all the foregoing reasons the appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.